(44 South. 449.)

No. 16,652.

STATE v. CLARK.

(June 17, 1907.)

HOMICIDE—EVIDENCE.

In a prosecution for murder, proof of prior difficulties between the accused and the deceased, and of a prior attempt by the former on the life of the latter, is admissible in evidence to show motive and malice in the killing.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Homicide, §§ 297–300.]

(Syllabus by the Court.)

Appeal from Tenth Judicial District Court, Parish of Concordia; John Stirling Boatner, Judge.

Alexander Clark was convicted of murder, and appeals. Affirmed.

John Stirling Boatner, for appellant. Walter Guion, Atty. Gen., and Hugh Tullis, Dist. Atty. (Lewis Guion, of counsel), for the State.

MONROE, J. Defendant appeals from a conviction of murder and sentence to death.

The only point reserved is that presented by a bill of exception, which reads:

"That on the trial of this case the state offered to prove by the witness John Collier that the deceased [accused], about a week before the day on which it was alleged the fatal shot was fired by the accused at the deceased, snapped his pistol three times at the deceased; that at the time the state offered to prove said fact by said witness the state had not proved, by the direct testimony of the witness, that the accused had, in fact, fired the fatal shot at the deceased, but that the only evidence to said fact was circumstantial evidence, nor had the state proved any threat by the accused, at the time or at any other time, to take the life of the deceased, or to do the deceased any bodily harm, or any injury whatsoever, or that the accused had even been angry with the deceased; that the defendant objected to the introduction of the said testimony as inadmissible, for the reason that the state was endeavoring to establish thereby a threat on the part of the accused without first having proven an overt act; that the said testimony was inadmissible for the reason that it related to an incident wholly disconnected from the alleged crime; that it was not shown by the testimony that the accused at the time he was alleged to have snapped the said pistol at the deceased was even out of humor; that no legal foundation for the admission of said testimony had been laid, and that the effect of said testimony would be greatly to the prejudice of the accused, on the trial for his life."

The statement per curiam is:

"The state had proven an attempt, by accused, to kill deceased by shooting her. This proof was circumstantial, and the evidence objected to was introduced and received to show motive and malice in defendant."

The bill confuses the rule whereby proof of prior threats by the deceased is excluded, when offered on behalf of the accused, until it first be shown that an overt act by the deceased immediately preceded the killing, with the rule under which the state is permitted.

to prove prior difficulties between the accused and the deceased, and a prior attempt by the former on the life of the latter, in order to show motive and malice in the commission of the homicide. The ruling complained of was correct. Marr's Criminal Jurisprudence of La. § 139, and authorities there cited.

The judgment appealed from is accordingly affirmed.